UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**WILLIAM WALKER**                                                                                      **PLAINTIFF**

v.                                                                              CIVIL ACTION NO. 4:99CV-258-M

**KENTUCKY DEPARTMENT OF CORRECTIONS**                                **DEFENDANTS**
**DOUG SAPP**
**PATTI WEBB**

## MEMORANDUM AND ORDER

This matter is before the Court on the plaintiff's second motion for relief from judgment entered June 12, 2000 (DN 15). He bases his motion upon Rule 60(b)(1), (4), (5), and (6).

The plaintiff first claims legal error under Rule 60(b)(1). A claim of legal error, however, "must be brought within the normal time for taking an appeal." *Pierce v. United Mine Workers*, 770 F2d 449, 451 (6th Cir. 1985). Because the plaintiff did not file his claim of legal error within 30 days of entry of the challenged June 12, 2000, judgment, *see* Fed. R. App. P. 4(a)(1), he is not entitled to relief under Rule 60(b)(1).

The plaintiff next claims that he is entitled to relief under Rule 60(b)(4) and (5). Yet, he has not shown, as required by those subsections, that the June 12, 2000, judgment is void; that the judgment has been satisfied, released, or discharged; that the judgment has been reversed or otherwise vacated; or that it is no longer equitable that the judgment should have prospective application. *See* Fed. R. Civ. P. 60(b)(4) and (5). To the contrary, by mandate issued January 24, 2001 (DN 11), the Sixth Circuit affirmed the challenged June 12, 2000, dismissal of the instant action. Further, by Order entered September 24, 2003 (DN 14), this Court denied the plaintiff's first Rule 60(b) motion for relief from judgment, wherein he raised many of the same claims as raised in the instant motion.

This leaves the plaintiff's request for relief under Rule 60(b)(6). That subsection provides for relief for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). The standard of proof for a motion under Rule 60(b)(6) is high, however. In fact, Rule 60(b)(6) "should apply only in 'exceptional or extraordinary circumstances' not otherwise addressed by the first five numbered clauses of the rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (citations omitted).

No exceptional or extraordinary circumstances are present in this case. The plaintiff simply attempts to relitigate claims previously raised and dismissed, both by this Court and the appellate court. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof.").

As the plaintiff offers nothing in his new motion that would warrant the relief requested,

**IT IS ORDERED** that the plaintiff's motion for relief from judgment is **DENIED**.

Date:

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.005